Parsons & Co. *vs.* Lee & Norton.

---

### PARSONS & CO. *VS.* LEE & NORTON.

1. Notice by an indorser, who has paid a bill of exchange in Bank, that he will move for judgment against his principal, at the next term of the court, loses its efficacy, by a failure to proceed on it at the term fixed for its return.

2. Such a notice is entirely under the control of the party issuing it, until he shall move upon it, and can not be regarded as *process, matter* or thing *depending ;* and consequently is not continued in force by the statutes, which provide for cases of failure to hold a court, or dispose of the business therein.

Error to the County court of Montgomery.

Notice by an indorser who had paid a bill of exchange, to his principal, that a motion would be made for judgment.

The defendants, as the indorsers of a bill of exchange, negotiated at the Branch Bank at Montgomery, having paid the same, gave notice to the plaintiffs that they would move the County court of Montgomery, to be

holden on the first Monday in December, eighteen hundred and thirty-seven, for a judgment against them as drawers, according to the statute.    The first proceeding upon the notice, was at a special term of that court, holden in February, eighteen hundred and thirty-eight, when a motion was made for a judgment, which was resisted on the ground, that the motion should have been submitted at the December term; but the objection being deemed insufficient, the motion proceeded to judgment; and to revise the proceedings below, the case was brought up by writ of error.

It was assigned for error—

1. That the evidence in the court below, did not support the judgment, or authorise the same.

2. The plaintiff below was not entitled to proceed against the defendant, in the summary method pursued.

3. The case was not regularly in court, and should have been dismissed on the motion made; and the judgment *nunc pro tunc*, should not have been rendered.

*Thorington*, for plaintiff in error.

COLLIER, C. J.—The judgment of the County court can not be sustained; for the notice to appear in December had lost its efficacy, by a failure to proceed on it, at the term fixed for its return.    The statute directs that " all process, matters and things depending, shall be continued, and all appearances upon returns of process shall be made to the next succeeding term in course, &c. in the event of a failure to hold a County court, or to dispose of all the business therein."—(Aik. Dig. sec. 15, p.

Parsons & Co. *vs.* Lee & Norton.

248.)  The act under the authority of which, the special court was holden, was passed on the twenty-third of December, eighteen hundred and thirty-seven, and enacted, that all judgments and other proceedings, had at that time, should be as valid and binding in law, as if they had been at a regular term.  A notice issued by a *party himself*, (as was that in the present case,) is entirely under the control of the party issuing it, until he shall move upon it : he may, until then, destroy it, if he think proper,  or entirely abandon it, without subjecting himself to a judgment for costs.  The notice, in the hands of the party, can not be regarded as *process*, *matter* or *thing* depending, and consequently is not continued in force by virtue of either of the statutes cited, upon the failure to hold a court or dispose of the business therein.

The judgment at February, then, was unauthorised by the notice, and must consequently be reversed.  The other points made at the argument, (as the case can not be remanded,) need not be considered.